**JUDGE BAER**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**13 CV 6927**

FAUNUS GROUP INTERNATIONAL, INC.

                Plaintiff,

    v.

FREDY V. RAMSOONDAR

                Defendant.

:
:
:
:
:
:
:
:

CIVIL ACTION

No. _____

RECEIVED SEP 30 2013 U.S.D.C. S.D. N.Y. CASHIERS

### COMPLAINT

Plaintiff Faunus Group International, Inc. ("FGI"), by its undersigned counsel, files this Complaint against Defendant Fredy V. Ramsoondar for damages arising from his breach of contract, and in support thereof avers as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff FGI is a party to a contract, entitled the Sale of Accounts and Security Agreement ("Accounts Agreement"), with a third party, United Protection Services, Inc., whereby United Protection sold certain of its accounts receivable to FGI, and FGI obtained the right to receive payment in full from United Protection's customers. This is commonly known as "factoring."

2.    To secure its rights under the Accounts Agreement, FGI obtained a Guaranty from Defendant Ramsoondar, the former Chief Executive Officer and Director of United Protection. Ramsoondar personally warranted that, among other things, the representations concerning the accounts that FGI would purchase from United Protection were accurate, due and owing, and not subject to any dispute or setoff. Ramsoondar also warranted that if he received payment from a customer of United Protection whose account had been purchased by FGI, he

1

would immediately deliver that payment to FGI. Finally, Ramsoondar represented that any amounts that FGI paid for the accounts would be used for United Protection and not for any personal purpose. Ramsoondar agreed that, in the event of any breach of the foregoing representations and warranties, he would pay FGI for all actual and threatened losses arising from the breach, along with any costs, expenses, and attorneys' fees.

3. Following Ramsoondar's execution of the Guaranty, FGI purchased a number of United Protection's accounts receivable, in reliance upon, among other things, Ramsoondar's representations and warranties in the Guaranty.

4. Unfortunately, Ramsoondar has breached his representations and warranties in the Guaranty in multiple ways. Among other things, Ramsoondar has provided false information and documents to FGI that FGI relied upon in purchasing accounts, failed to provide FGI with required financial reporting that would have revealed the true financial condition of United Protection, diverted payments for accounts that were required to be made directly to FGI, and misdirected funds that FGI paid for accounts to an entity other than United Protection.

5. FGI has provided Ramsoondar with a formal notice of default under the Guaranty and has demanded payment of all outstanding amounts. To date, FGI has not received any such payment and is now threatened with a loss of over $4 million, plus interest, attorneys' fees, and costs.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff FGI is a Delaware corporation with its principal place of business located at 80 Broad Street, 22nd Floor, New York, New York 10004.

2

7.     Defendant Ramsoondar is an individual who resides at 5044 McLuhan Rd, Edmonton, Alberta, Canada, T6R 0J4.

8.     This Court has subject matter jurisdiction under 28 U.S.C. §1332, because there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000.

9.     Venue is proper in this court pursuant to 28 U.S.C. §1391, because a substantial part of the events underlying this claim occurred in this judicial district. In addition, the parties agreed that this Court was the proper forum for any disputes arising under the Guaranty. (Guaranty, ¶12).

## BACKGROUND

### A. The Parties

10.     FGI is a global commercial finance firm that provides loans and other financial products to businesses to meet their business needs. One of the financial products that FGI offers is accounts receivable finance, whereby FGI purchases accounts receivable from a business and, in exchange, obtains a right of payment from the business's customer. The result of this transaction is that the business receives immediate liquidity, and the customer pays its account balance directly to FGI.

11.     Defendant Ramsoondar was the Chief Executive Officer and Director of United Protection Services, Inc. United Protection is a public company that supplies private security services, such as security guards, to customers, such as airports and oil and gas camps.

3

**B.  The Guaranty between FGI and Ramsoondar**

12.    On October 13, 2011, FGI and Defendant Ramsoondar entered into a Guaranty of Validity; Covenant Against Direct Collection, Subordination, and Security Agreement (the "Guaranty"), whereby Ramsoondar provided a broad, unconditional guarantee of United Protection's obligations under a separate but related contract between FGI and United Protection, dated October 5, 2011 and entitled the Sale of Accounts and Security Agreement (the "Accounts Agreement").

13.    Pursuant to the Accounts Agreement, United Protection agreed to sell certain accounts receivables ("Accounts" or "Purchased Accounts") of its customers ("Account Debtor") to FGI.  In exchange, United Protection received immediate liquidity from FGI in the amount of the purchase price paid for the Accounts, and FGI received the right to receive payment of the Purchased Accounts directly from the Account Debtors.  In order for the Accounts Agreement to become effective, FGI required that Defendant Ramsoondar and FGI agree upon and execute a Guaranty.  (Agreement, §2(f)(1)).

14.    In the Guaranty, Defendant Ramsoondar made a number of representations and warranties to induce FGI to enter into the Guaranty.

15.    Among other representations, Ramsoondar represented that the amount of each Purchased Account purchased by FGI will be due, owing and accurate, and not subject to any set-offs, allowances, discounts, deductions, counterclaims, or disputes:

> The amount of each Purchased Account will, immediately prior to its sale to FGI pursuant hereto, be due and owing to [United Protection] and represent a bona fide sale, delivery and acceptance of Goods or performance of services by [United Protection] to or for an Account Debtor.  The information regarding an Account on

4

each Schedule of Accounts will be accurate.  (Guaranty, ¶2(f)).

There are and shall be no set-offs, allowances, discounts, deductions, counterclaims, or disputes with respect to any Purchased Account, either at the time it is accepted by FGI for FGI or prior to the date it is to be paid.  [United Protection] shall inform FGI, in writing, immediately upon learning that there exists any Purchased Account which is subject to a Dispute.  (Guaranty, ¶2(g)).

16.     Ramsoondar represented that United Protection would provide FGI with monthly

unaudited financial statements and annual audited financial statements and that United Protection

would file and pay any and all required taxes:

United Protection "shall provide FGI, on or prior to the [30th] day of each month, unaudited financial statements with respect to the prior month  and, within [120] days after the end of each of [United Protection's] fiscal years, annual financial statements.  (Guaranty, ¶2(i)).

United Protection "has filed and will file all tax returns required to be filed…and [United Protection] has paid and will pay all taxes and governmental charges."  (Guaranty, ¶2(j)).

17.     Importantly, Ramsoondar warranted that the funds that FGI paid to United

Protection for the Accounts were not to be used "directly or indirectly for personal, family,

household or agricultural purposes."  (Guaranty, ¶2(m)).

18.     Ramsoondar warranted that United Protection would promptly notify FGI of "any

condition or event that would constitute a Default or Event of Default" under the Agreement and

immediately notify FGI of any development that would "reasonably be expected to have a

material adverse effect" on United Protection.  (Guaranty, ¶¶2(t) and (v)).

19.     Ramsoondar also warranted that United Protection would not engage in any

transaction that would result in it being "wound up, dissolved or liquidated or otherwise ceases to

be in existence."  (Guaranty, ¶2(y)).

20.     Following the purchase of an Account by FGI from United Protection, the amounts that were owed by the Account Debtor were then to be paid directly to FGI. Whenever United Protection or Ramsoondar received any part of a payment for an Account that had been purchased by FGI, "neither [United Protection] nor [Ramsoondar] will deposit or seek to negotiate the payment and will insure that such payment is delivered only to FGI" within 24 hours of receipt of that payment. (Guaranty, ¶3).

21.     Should FGI suffer or be threatened with a loss because of a breach of any of the representations in the Guaranty, Ramsoondar agreed to indemnify FGI for the loss or threatened loss and to pay FGI the total amount of the loss or threatened loss, including interest, expenses, costs and any attorney's fees. (Guaranty, ¶4).

22.     Ramsoondar also agreed to reimburse FGI for any costs, expenses, or attorneys' fees FGI incurs to enforce either the Guaranty or the Agreement. (Guaranty, ¶10).

23.     Ramsoondar acknowledged that this liability was "absolute, unlimited, direct and unconditional." (Guaranty, ¶5).

### C. Ramsoondar Breached the Guaranty

24.     In early 2013, Ramsoondar began to breach representations he made in the Guaranty.

25.     Ramsoondar provided false and incorrect information and documents to FGI that FGI relied upon to purchase Accounts from United Protection. For one example, FGI paid United Protection for the Account of an Account Debtor that was not a debtor of United Protection, but of another entity, United Protection Services Group, which was not a party to or bound by the Accounts Agreement.

6

26.     On another occasion, based upon false and incorrect information and documents provided by Ramsoondar, FGI purchased certain Accounts where it was later discovered by FGI that the Account Debtor had been delinquent in its payments to United Protection. The information that Ramsoondar provided to FGI, which FGI relied upon in purchasing the Accounts, did not show that the Accounts had been delinquent.

27.     In addition, a number of required financial reports were not provided to FGI. For instance, Ramsoondar failed to provide FGI with United Protection's annual financial statement for 2012, as well as a number of other monthly unaudited financial statements. The failure to provide these reports allowed Ramsoondar to conceal the true financial condition of United Protection at the time and caused FGI to continue to purchase Accounts from United Protection based upon incomplete and inaccurate information about United Protection and for a longer period of time if the true financial condition had been known to FGI.

28.     Ramsoondar did not notify FGI of certain material changes and conditions relating to United Protection that had an adverse impact on its business and operations. For example, United Protection failed to pay certain payroll taxes when required and did not notify FGI in writing of this failure. Ramsoondar also caused United Protection to file for bankruptcy protection under Canadian laws, in violation of the Guaranty and without advanced notice to FGI.

29.     Finally, Ramsoondar caused the misdirection of funds, both in the funds that FGI paid for the Accounts and the funds that the Account Debtor was to pay to FGI.

7

30.     Ramsoondar caused a new entity to be created, GPS Security Group Inc., and caused certain moneys that FGI paid for the Accounts to be diverted to this new entity, which is controlled by Ramsoondar, rather than be paid directly to United Protection.

31.     In addition, Ramsoondar received or obtained payments for Accounts that FGI had purchased. Rather than immediately deliver these payments to FGI, as required by the Guaranty, Ramsoondar caused the payments to be deposited into a separate account that FGI did not control, causing FGI to not receive payment on the Purchased Accounts.

32.     Ramsoondar also sent a letter dated April 15, 2013 to all of United Protection's customers notifying them of the newly created company, GPS Security Group Inc., and demanding that payments for any accounts should now be made to GPS Security Group Inc., regardless of whether those accounts had already been purchased by FGI, thereby interfering with FGI's ability to collect on the Purchased Accounts.

33.     To date, FGI has not received payment for many of the Accounts it purchased, and FGI has demanded that Ramsoondar reimburse its moneys expended for those Accounts, plus costs and attorneys' fees incurred in attempting to collect those payments.

34.     FGI provided Ramsoondar with formal notice of default under the Guaranty in a letter dated June 6, 2013. FGI claimed that "Defaults have occurred...including, among other things:  1) ...[United Protection's] failure to pay goods and services taxes and/or remit certain payroll taxes as and when due; (2) ...[United Protection's] breach of certain covenants, obligations and representations and warranties...; (3)...as a result of [United Protection's] insolvency and/or failure to pay its debts as they become due; and (4)...as a result of a material

8

adverse change in [United Protection's] financial condition and business operations." Because of these defaults, FGI notified Ramsoondar that FGI "is threatened with a loss of $4,975,488."

35.     FGI notified Ramsoondar that FGI intended to "take all lawful steps available to it to recover the [threatened loss of $4,975,488] as it considers appropriate including, but not limited to, pursuing all of FGI's rights and remedies against you under the Guarantee, any related document or agreement, or otherwise available at law or equity."

36.     Under the Guaranty, Ramsoondar is liable to FGI for the amount that FGI paid for the Accounts, plus interest, costs, and attorneys' fees, less any amount able to be collected by FGI from the Account Debtors and any amount held by FGI in reserve.

37.     As of September 27, 2013, this amount totals $4,787,741.39.

**COUNT I**
**FGI V. FREDY RAMSOONDAR**
**BREACH OF CONTRACT (GUARANTY)**

38.     FGI incorporates by reference the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

39.     FGI and Ramsoondar entered into a valid, binding, and enforceable Guaranty agreement whereby, among other obligations, Ramsoondar made several representations and warranties, including an unconditional guarantee of United Protection's obligations and performance under the Accounts Agreement.

40.     FGI has fully performed under the Guaranty.

41.     Ramsoondar has breached the Guaranty through several violations of representations, as detailed above, and therefore, Ramsoondar is liable to FGI under the Guaranty.  (Guaranty, ¶¶4, 5, and 10).

9

42.     Despite FGI's outstanding request for payment under the Guaranty, Ramsoondar

has failed and refused to pay the amount of the threatened loss to FGI, in violation of his

obligations under the Guaranty.

43.     As a direct and proximate result of these and other breaches of the Guaranty, FGI

has suffered significant damages as set forth herein.

WHEREFORE, Plaintiff FGI demands judgment in its favor against Defendant Fredy

Ramsoondar and requests damages in an amount in excess of $75,000 to be proven at trial,

together with attorneys' fees, costs, pre-judgment and post-judgment interest, and such other

relief as this Court deems just and proper.

Respectfully submitted,

**BLANK ROME LLP**

Dated: September 30, 2013          BY:     _Rebecca Avrutin_
                                            REBECCA L. AVRUTIN
                                            The Chrysler Building
                                            405 Lexington Avenue
                                            New York, NY 10174-0208
                                            Tel:    (212) 885-5000
                                            Fax:    (212) 885-5001
                                            Email: RAvrutin@BlankRome.com

                                                DANIEL E. RHYNHART
                                                STEPHANIE C. CHOMENTOWSKI
                                                One Logan Square
                                                Philadelphia, PA 19103-6998
                                                Tel:    (215) 569-5500
                                                Fax:    (215) 832-5555
                                                Email: Rhynhart@blankrome.com

                                                *Attorneys for Plaintiff,*
                                                *Faunus Group International, Inc.*

10