**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

**FAUNUS GROUP INTERNATIONAL, INC.**            :
                                                :
       **Plaintiff/Counter-Defendant,**        :
                                                :            **13cv6927 (HB)**
       **- against -**                          :
                                                :            <u>**OPINION & ORDER**</u>
**FREDY V. RAMSOONDAR,**                         :
                                                :
       **Defendant/Counter-Claimant.**          :
                                                :
----------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

      Before the Court is Plaintiff/Counter-Defendant Faunus Group International, Inc.'s ("Plaintiff") motion to dismiss Defendant/Counter-Claimant Fredy Ramsoondar's ("Defendant") rescission counterclaim, which he brings in his individual capacity, and breach of contract counterclaims, which Defendant brings for a not yet joined Counter-Claimant United Protection Services, Inc. ("United Protection"). For the following reasons, Plaintiff's motion is STAYED with respect to United Protection's breach of contract counterclaims and DENIED with respect to Defendant's rescission counterclaim.

## BACKGROUND

      Plaintiff is a commercial firm that offers accounts receivable financing, through which it purchases accounts receivable from a business in exchange for a right of payment from that business's customers. (Compl. ¶ 10.) Defendant is the former CEO of United Protection, a now bankrupt provider of private security services. (*Id.* ¶ 11.) On October 5, 2011, Plaintiff entered into an accounts receivable finance agreement (the "Accounts Agreement") with United Protection. (*Id.* ¶ 12.) On October 13, 2011, Defendant executed a personal guaranty ("Guaranty"), and provided a "broad, unconditional guarantee of United Protection's obligations under [the Accounts Agreement]." (*Id.*)

      Plaintiff alleges that Defendant breached the terms of the Guaranty by providing false information on which Plaintiff relied, and by failing to provide required financial reports or notifications of material changes in United Protection's financial condition. (*Id.* ¶¶ 25, 27, 28,

---

[1] Katia Asche, a third-year law student at Fordham Law School and a Spring 2014 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

29.) Defendant counterclaims for rescission of the Guaranty based on failure of consideration, alleging that Plaintiff's conduct severely restricted United Protection's cash flow and defeated the promised consideration of "immediate financing." (Am. Ans. ¶¶ 107, 112.)  Defendant also seeks to add United Protection as a counter-claimant, making claims for breach of the Accounts Agreement and an addendum to the Accounts Agreement ("Side Letter"), through which Plaintiff allegedly agreed to purchase accounts that were at least 120 days overdue. (*See id.* ¶¶ 105, 108-124.)  In the alternative, Defendant seeks to bring United Protection's counterclaims in his individual capacity as a creditor.

## DISCUSSION

On a Rule 12(b)(6) motion to dismiss, I must "accept all factual allegations in the complaint as true."  *State Univs. Retirement Sys. of Ill. v. Astrazeneca PLC*, 334 F. App'x 404, 406 (2d Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)), *see* Fed. R. Civ. P. 12(b)(6).  But while a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the level of detail "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, Plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**A.  Stay of Plaintiff's Motion Regarding United Protection's Counterclaims**

Plaintiff argues that Defendant does not have the authority to assert a claim on behalf of the now bankrupt United Protection.  However, Defendant is seeking permission from the Canadian court overseeing the bankruptcy proceedings ("Canadian Court") to bring a claim as creditor of United Protection, either on behalf of United Protection or in his own name.  *See* Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined…for a corporation, by the law under which it was organized."), and Canada Bankruptcy and Insolvency Act, §71 (providing that bankrupt corporations lack capacity to "dispose of or otherwise deal with their property").  Defendant requests a temporary adjournment of Plaintiff's motion pending the Canadian Court's decision on Defendant's authority to bring those claims.

The discretion to stay an action is inherent to a district court's power to control its docket. *See TradeWinds Airlines, Inc. v. Soros*, 2011 WL 309636, at *3 (S.D.N.Y. Feb. 1, 2011), *citing*

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to stay an action, a court will consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

> Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice.

*Id.*, quoting *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Considering these factors, I will grant the requested stay. There is no prejudice as a result of a temporary stay, while to move forward without a decision from the Canadian Court may require dismissal of Defendant's claims made on behalf of United Protection.  Conversely, judicial economy is furthered if the application is granted since in that case all issues may be resolved at once rather than piecemeal.

### B.  Defendant's Failure of Consideration Counterclaim

#### 1.  Terms of the Guaranty

Notwithstanding Defendant's "absolute and unconditional" Guaranty, *see* Pl.'s Mem. at 13, Defendant's counterclaim for failure of consideration is not barred because this affirmative defense is not waived by an unconditional guaranty.[2] *See CIT Grp./Commercial Servs., Inc. v. Prisco,* 640 F. Supp. 2d 401, 410 (S.D.N.Y. 2009), *citing Walcutt v. Clevite Corp.*, 191 N.E.2d 894 (1963) ("Under New York law, the only affirmative defenses that are not waived by an absolute and unconditional Guaranty are payment and lack of consideration for the Guaranty.") Indeed, without consideration, the guaranty is unenforceable.  *Walcutt*, 191 N.E.2d, at 897. Here, the Guaranty does not contain an express waiver of defenses or counterclaims*. See* Guaranty, DeCristofaro Aff. Ex. A; *see also BT Commercial Corp. v. Blum*, 572 N.Y.S.2d 10, 11

---

[2] The cases cited by Plaintiff in support of the proposition that unconditional guaranties bar all defenses and counterclaims included language in the guaranty stating that the guarantor's liability was not only unconditional and absolute, but also expressly waiving its right to defenses and counterclaims. *See e.g HSH Nordbank Ag New York Branch v. Swerdlow,* 672 F. Supp. 2d 409, 419 (S.D.N.Y. 2009) *aff'd sub nom. HSH Nordbank AG New York Branch v. St.*, 421 F. App'x 70 (2d Cir. 2011) ("The language in the Guaranties at issue here is sufficient to bar the affirmative defenses raised by defendants. The Guaranties state that they are 'absolute and unconditional' irrespective of, inter alia, 'any other circumstance which might otherwise constitute a defense available to, or a discharge of, Borrower or a guarantor.'"); *Citibank, N.A. v. Plapinger*, 485 N.E.2d 974 (N.Y. Ct. App. 1985) ("Fraud in the inducement of a guarantee by corporate officers of the corporation's indebtedness is not a defense to an action on the guarantee when the guarantee recites that it is absolute and unconditional irrespective of any lack of validity or enforceability of the guarantee, or any other circumstance which might otherwise constitute a defense available to a guarantor in respect of the guarantee . . . .")

(N.Y. App. Div. 1st Dep't 1991) (holding that where guaranty expressly waived counterclaim but not defenses, the guarantor's affirmative defenses were not barred). Thus, Defendant's failure of consideration counterclaim is not barred by the terms of the Guaranty.

### 2. Failure to State a Claim for Failure of Consideration

'"[F]ailure of consideration exists wherever one who has promised to give some performance fails without his or her fault to receive in some material respect the agreed quid pro quo for that performance. Failure of consideration gives the disappointed party the right to rescind the contract."' *Independent Energy Corp. v. Trigen Energy Corp.*, 944 F. Supp. 1184, 1199 (S.D.N.Y. 1996), quoting *Fugelsang v. Fugelsang,* 517 N.Y.S.2d 176, 177 (2d Dept.1987). An action for rescission based on failure of consideration lies "[w]here a plaintiff has received little or nothing of value . . . ." *Id.*, citing *Yochim v. Mount Hope Cemetery Ass'n,* 623 N.Y.S.2d 80, 82, (N.Y. City Ct. 1994). "However, a partial failure of consideration may not be sufficient to justify rescission." *Id., citing* 22 N.Y.Jur.2d, Contracts, § 500.

Here, Defendant alleges that Plaintiff negated the benefit of its payment by charging United Protection excessive interest and fees, by failing to timely remit purchase price balances, and by breaching the Side Letter. Am. Ans. ¶¶ 97-106. Indeed, Plaintiff does not dispute Defendant's assertions regarding the alleged conduct, nor does Plaintiff assert that failure of consideration was partial. Rather, Plaintiff argues that Defendant's counterclaim fails because "the alleged conduct occurred *after* the Guaranty was signed." Pls. Mem. at 15 (emphasis in original). However, Plaintiff offers no support for the proposition that a claim for failure of consideration is defeated when the relevant conduct occurs after a contract was signed. Further, a claim for failure of consideration specifically contemplates this circumstance. *See, e.g., McDonald v. Brown*, 12 CIV. 7109 WHP, 2014 WL 116003 (S.D.N.Y. Jan. 13, 2014)(citing 3 Williston on Contracts § 7:11 (4th ed. May 2013)("Lack of consideration refers to the absence of consideration at the time the parties entered their agreement; failure of consideration refers to a promised performance not rendered.") Thus, Defendant states a claim for failure of consideration.

### 3. Failure to Plead Compensable Damages

In the alternative, Plaintiff argues that Defendant's counterclaim should be dismissed because the damages are speculative. Pl.'s Mem. at 15-17. However, on a motion to dismiss, the Court need not consider the "proof" Plaintiff asserts is needed to show damages. *See id.* Indeed,

the Court ought not look beyond the complaint.[3] At this stage, the counterclaim is adequately pled as discussed above. Even assuming *arguendo* that Defendant did not adequately plead compensable damages, his claim is legally sufficient seeking only rescission. *See, Independent Energy Corp.*, 944 F. Supp. at 1199, quoting *Fugelsang,* 517 N.Y.S.2d 176, 177.  Thus, Plaintiff's attempt to have Defendant's claim dismissed because of the allegedly speculative nature of his damages is premature at the pleadings stage.  *See Assured Guar. Mun. Corp. v. UBS Real Estate Sec., Inc.*, 12 CV 1579 HB, 2012 WL 3525613, at *7 (S.D.N.Y. Aug. 15, 2012) *citing Ambac Assurance Corp. v. EMC Mortg. Corp.,* No. 08 Civ. 9464, 2009 WL 734073, at *2 (S.D.N.Y. Mar. 16, 2009)("It would be premature to strike a remedy at the pleadings stage.")

CONCLUSION

I have considered the parties' remaining arguments and find them meritless.  For the foregoing reasons, Plaintiff's motion is STAYED with respect to United Protection's breach of contract counterclaims and DENIED with respect to Defendant's failure of consideration counterclaim. The Pretrial Scheduling Order of December 5, 2013 remains in effect. Defendant is instructed to notify the Court as soon as the Canadian Court has reached a resolution with respect to United Protection's counterclaims, or in any event, to inform the Court of the status of that proceeding within sixty days.

SO ORDERED.

_____, 2014
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.

---

[3] Each of the cases Plaintiff cites for the proposition that a certain degree of proof is needed to demonstrate damages are at summary judgment or post-trial. *See, e.g., Pisani v. Westchester Cnty. Health Care Corp.*, 424 F. Supp. 2d 710, 719 (S.D.N.Y. 2006*); Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 92 (2d Cir. 2007).